Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 519 | **DATE** | March 10, 2011 |
| **CASE TITLE** | Joseph Pettis (R-02896) v. Barnes, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at plaintiff's place of confinement to deduct $62.50 from plaintiff's account, and to continue making deductions in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Menard Correctional Center, and to issue summonses for the defendants. The U.S. Marshals Service is appointed to serve the defendants. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send to plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

    Plaintiff Joseph Pettis (R-02896), an inmate at the Menard Correctional Center, has filed this 42 U.S.C. § 1983 against Cook County Jail Sheriff Tom Dart, Executive Director Salvador Godinez, Assistant Director Ramero, Superintendent Thomas, and Officers Barnes and Mainz. Plaintiff alleges that, on January 28, 2009, while he was incarcerated at the Cook County Jail, he was attacked by other inmates when an inmate gained access to a control room and began opening cell doors on tier 1G in Division 9.

    The court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $62.50. The supervisor of inmate trust accounts at plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and the Menard Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

The court has conducted a preliminary review of the complaint. *See* 28 U.S.C. § 1915A. Plaintiff alleges that he was stabbed by other inmates when one inmate gained access to the control room of tier 1G and began opening cell doors. Several inmates armed with sharp objects began entering the cells of other inmates and stabbing them. Plaintiff was one of the inmates stabbed. After the stabbing, plaintiff stumbled into the dayroom, collapsed, but received no medical attention for 30 to 40 minutes. Allegedly, rather than provide medical assistance, officers began handcuffing injured inmates. Plaintiff states that the defendants failed in maintaining security at the jail in general and, more specifically, at the time of the stabbing incident. Plaintiff may also be alleging deliberate indifference with the delay in attending to his medical needs resulting from the stabbing. He asserts that he suffered a punctured lung. Plaintiff has stated colorable claims for relief against the defendants, such that they must respond to the complaint.

The clerk shall issue summonses for service of the complaint on Cook County Sheriff Tom Dart, Executive Director Salvador Godinez, Assistant Director Ramiro, Superintendent Thomas, and Officers Barnes and Mainz. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal to plaintiff as appropriate to serve the defendants. The Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, Cook County Jail officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).