# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 519 | **DATE** | September 13, 2011 |
| **CASE TITLE** | Joseph Pettis (R-02896) vs. Barnes, et al. | | |

**DOCKET ENTRY TEXT**

Status hearing held on 9/13/2011, plaintiff appearing by telephone. Plaintiff's combined motion seeking the appointment of counsel and objecting to his deposition [36] is denied without prejudice. A status is set for 10/20/2011 at 9:15 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Currently pending is plaintiff's motion, which both seeks the appointment of counsel and raises objections to his deposition. Concerning the appointment of counsel, the court is not persuaded that counsel is necessary or would be able to advance plaintiff's case. The case does not present complex issues of discovery at this time, and plaintiff's pleadings indicate that he is competent to represent himself at this stage of the proceedings. *Pruitt v. Mote,* 503 F.3d 647, 655-69 (7th Cir. 2007). With respect to plaintiff's deposition, the court has reviewed the deposition transcript. Nothing in the transcript indicates that defense counsel took advantage of plaintiff's lack of representation in exploring the events at issue, such as asking leading questions or attempting to lead plaintiff into unfair admissions. Plaintiff may object to the use of specific statements should they be offered on a motion for summary judgment or at trial.

    The facts as described by plaintiff indicate that settlement of this litigation would be prudent because of the high burden of proof that a prisoner bears in establishing deliberate indifference to his safety or health. According to plaintiff's testimony, he was attacked in his cell at breakfast time. After officers "secur[ed] the situation," they promptly summoned medical assistance (Dep. 48). At the scene, plaintiff was given emergency treatment to stop bleeding. An ambulance arrived "10, 15 minutes later after [he] came to"[1] and he was taken to a hospital for further treatment. Plaintiff indicates that he received follow up treatment after returning to the DOC. These facts are scant proof of deliberate indifference to serious medical need. As stated in *Langston* v. *Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996)

> . . . [A] prison official may evidence deliberate indifference by failing to treat or delaying the treatment of a serious medical need. . . . [F]ailure to obtain immediate medical care for [a prisoner] constitutes an Eighth Amendment violation only if the delay was objectively, sufficiently serious to constitute the denial of the minimal civilized measures of life's necessities. . . . [A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place *verifying medical evidence* in the record to establish the detrimental effect of delay in medical treatment to succeed.

| STATEMENT |
|---|

(Internal citations and quotation marks omitted).

The law also imposes difficult issues of proof in regard to plaintiff's claim that officers were deliberately indifferent to his safety. In *Pope* v. *Shafer*, 86 F.3d 90, 91-92 (7th Cir. 1996), the court explained,

> Prison officials have a duty to take reasonable steps to insure the safety of inmates, including harm done by one inmate to another. The inmate must prove a sufficiently serious deprivation, *i.e.*, conditions which objectively pos[e] a substantial risk of serious harm. The inmate also must show subjective culpability, establishing that the prison officials acted either deliberately or with "deliberate indifference" to the inmate's health or safety. This latter element requires that the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference. Thus, in order to establish the liability of a prison official, a plaintiff must establish that the official knew of the risk (or a high probability of the risk) and did nothing. In failure to protect cases, [a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. Mere negligence (for example if a prison guard should know of a risk but does not) is not enough to state a claim of deliberate indifference under the Eighth Amendment. It is also not sufficient to show that the prison guard merely failed to act reasonably.

(Internal citations and quotation marks omitted). See also *Langston,* 100 F.3d at 1237-38. Plaintiff's deposition does not indicate that officers were aware in advance of a specific risk or threat to his safety.

The parties should continue settlement negotiations prior to the next status hearing.

---

[1.] Plaintiff testified that he passed out for couple of seconds and when he "came back" "the police was ... looking down, trying to talk to me, like, Man, just be cool, just basically breathe. ... And I basically woke up like, I'm cool. I'm basically telling them like, I'm cool . . . Get the ambulance in here basically." (Dep. 53).